IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHAVON JABBAR PRESCOTT, | : | CIVIL ACTION NO. |
| GDC ID # 1144810, Case # 821989, | : | 1:17-CV-02395-ODE-JCF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, | : | PRISONER CIVIL ACTION |
| Defendant. | : | 42 U.S.C. § 1983 |

**MAGISTRATE JUDGE'S ORDER AND FINAL
<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, a state prisoner, seeks leave to proceed *in forma pauperis* ("IFP") in this civil action, which is now ready for an initial screening.

**I.   <u>The Filing Fee</u>**

Leave to proceed IFP is **GRANTED**.  Because it appears that there are insufficient funds in Plaintiff's inmate account to pay an initial partial filing fee (*see* Doc. 2), no initial fee is required.  But Title 28 U.S.C. § 1915(b)(2) obligates this Court to collect from Plaintiff the full statutory filing fee of $350.00 as funds are deposited into Plaintiff's inmate account; the $50.00 administrative fee is waived for a prisoner proceeding IFP.  Plaintiff's custodian will deduct money from Plaintiff's account in monthly or other incremental installments in the amount of 20% of the preceding month's income credited to the account, in each month in which the account balance

exceeds $10.00, until the $350.00 fee is paid in full. The Warden of Plaintiff's place of incarceration or the Warden's designee **SHALL COLLECT** the monthly payments from Plaintiff's inmate account **AND REMIT** them to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full, as verified by separate notice from the Clerk to the Warden. The Clerk **SHALL TRANSMIT** a copy of this Order to the Warden.

## II.   The Legal Framework

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll*

2

*v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives."  *Id.* at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct."  *Id.* at 679.

### III. Discussion

Plaintiff seeks relief from his April 18, 2016 Fulton County judgment of conviction, the outcome of which is currently on direct appeal.  (*See* Doc. 1 at 1-4, 8; *see also Prescott v. State of Georgia*, 1:16-cv-1824-ODE (N.D. Ga. Aug. 3, 2016), Docs. 4, 9).  Plaintiff challenges the conduct of his state court criminal proceedings and seeks, among other things, his "immediate release."  (*See* Doc. 1 at 1-4).  But "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Bradley v. Pryor*, 305 F.3d 1287, 1289-90 (11th Cir. 2002) ("The Supreme Court [] considered the potential

3

overlap between § 1983 actions and habeas corpus petitions in *Preiser* . . . and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). And before filing a federal habeas petition, a state prisoner must first exhaust his state court remedies. It is clear that Plaintiff has not done so, inasmuch as his direct appeal is still pending.[1] The Court therefore declines to offer Plaintiff the opportunity to convert this civil action into one seeking habeas corpus relief.

And, under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Plaintiff may not recover damages or any other relief for "harm caused by actions whose unlawfulness would render [his current] . . . sentence invalid, [without first proving] . . . that the . . . sentence has been reversed on direct appeal" or otherwise expunged, declared invalid, or called into question. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that the Court's relevant precedents, "taken together, indicate that a state prisoner's §

---

[1] A federal district court may not grant a habeas petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c). And "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same, citing *Boerckel*). By filing a notice of appeal, Plaintiff has invoked, but not completed, one round of that appellate review process.

1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").  Plaintiff has presented no evidence that his judgment of conviction has been reversed, expunged, declared invalid or called into question, nor does it seem likely that he *could* present any such evidence at this time.  He thus has failed to state a plausible claim for relief with respect to the convictions he seeks to challenge here.

### IV.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to state a plausible claim for relief.  *See* 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 30th day of June, 2017.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge