**FILED IN CHAMBERS**
U.S.D.C. - Atlanta

JUL 2 4 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHAVON JABBAR PRESCOTT,  :  CIVIL ACTION NO.
GDC ID # 1144810,        :  1:17-CV-2395-ODE
    Plaintiff,          :
                     :
    v.                  :
                     :
STATE OF GEORGIA,        :  PRISONER CIVIL ACTION
    Defendant.          :  42 U.S.C. § 1983

### <u>ORDER</u>

This action is before the Court on the Final Report and Recommendation

("R&R") of Magistrate Judge J. Clay Fuller (Doc. 3), recommending that Plaintiff's

complaint be dismissed because the relief he seeks is available only via a habeas

corpus petition *after* Plaintiff has exhausted his state court remedies; and/or because

the relief he seeks is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and its

progeny, inasmuch as Plaintiff has not shown that the convictions underlying his

claims have been reversed, expunged, declared invalid or otherwise called into

question. (R&R at 3-5). Plaintiff has filed objections. (Doc. 5 ("Objs.")).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de

novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff offers only general objections to the R&R, without directly addressing the rationale for the Magistrate Judge's recommendation that his complaint be dismissed. Plaintiff does state that he brought his "civil action complaint" not only under 42 U.S.C. § 1983, but also under many other sections of

2

Title 42 of the United States Code.  (Objs. at 1-2 (listing 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 1992, 2000a, 2000a-1, 2000a-3, 2000a-6)).  But §§ 2000a *et seq.* deal with discrimination in places of public accommodation; § 1992 concerns speedy trials for civil rights offenders; and § 1988 concerns attorney's fees.  None of these sections provides a substantive basis for Plaintiff's claims.  And, for the reasons stated in the R&R and in the cases cited below, claims brought under the remaining Title 42 sections in Plaintiff's list are barred here.

In short, Plaintiff may not bring habeas corpus claims — alleging that he was wrongly convicted — in a civil rights action, regardless of the particular provision of Title 42 under which he brings it; nor may he obtain the relief he seeks here until his underlying convictions have been invalidated.  *See, e.g., Acosta v. McNeill*, 2:13-CV-309-TMH, 2013 U.S. Dist. LEXIS 152943, at *9-10 (M.D. Ala. Sept. 24, 2013) ("A judgment in favor of Plaintiff in this [§ 1983] cause of action would necessarily imply the invalidity of his conviction and/or sentence.  This also applies to [his] claims under §§ 1981, 1982, 1985, and 1986." (citing *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985 and 1986."); *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (applying *Heck* to

3

§ 1985 action); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("*Heck* therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims."); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1319 (M.D. Fla. 2005) (applying *Heck* bar to plaintiff's claim under section 1985 that the defendants conspired to interfere with his criminal trial by intimidating him and witnesses favorable to his defense)); *see Acosta*, 2013 U.S. Dist. LEXIS 152943, at *10 (summarily dismissing the plaintiff's "attack on [his] conviction and/or sentence[, which] is prohibited [because] habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement"), *adopted by* 2013 U.S. Dist. LEXIS 152626 (M.D. Ala. Oct. 24, 2013); *see also Easterling v. Henderson*, 3:14-CV-064, 2014 U.S. Dist. LEXIS 30722, at *8-9 (S.D. Ohio Mar. 10, 2014) ("a state criminal defendant cannot obtain relief from a judgment in state court by filing a civil rights action, whether under 42 U.S.C. § 1985, or otherwise; to do so would frustrate the habeas corpus exhaustion requirements" (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))), *adopted by* 2014 U.S. Dist. LEXIS 67193 (S.D. Ohio May 15, 2014).  Plaintiff's objections (Doc. 5) are therefore **OVERRULED**.

4

## Conclusion

Finding no basis for granting Plaintiff's objections and no plain error in the remainder of the R&R, the Court **ADOPTS** the Magistrate Judge's Order and Final Report and Recommendation (Doc. 3) as the Opinion and Order of the Court. Plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS SO ORDERED** this _24_ day of July, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

5